UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMIE D. LEWIS,

           Petitioner,

vs.                                             Case No. 2:04-cv-393-FtM-99SPC

WALTER A. MCNEIL, Secretary of the
Florida Department of Corrections,[1]

           Respondent.
_____

**OPINION AND ORDER**

**I. Status**

Petitioner, Jamie D. Lewis (hereinafter "Petitioner" or "Lewis"), who is proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254 on July 8, 2004.[2] Lewis challenges his state court judgment of conviction for attempted second degree murder with a firearm arising in the Twentieth Judicial Circuit Court, Lee County,[3] Florida for which

---

[1]Walter A. McNeil, the current Secretary of the Florida Department of Corrections is substituted as the proper party Respondent for James V. Crosby, Jr. pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2]The Petition (Doc. #1) was docketed and filed in this Court on July 14, 2004; however, the Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

[3]Respondent identifies Petitioner's conviction as being entered by the circuit court in Hendry County. Response at 1. The record
(continued...)

Lewis was sentenced to life in prison with a twenty-five year minimum mandatory. Petition at 2.[4] The Petition identifies the following ground for relief:

> **Whether trial counsel was ineffective for failing to request a lesser included instruction on attempted manslaughter**.

Id. at 5. In accordance with the Court's Order, Respondent filed a Response and, after being granted leave of Court, filed a corrected Response (Doc. #2, Response). Respondent attaches various exhibits in support of his Response (Exhs. ##1-16). Respondent submits that the Petitioner fails to satisfy the threshold requirements of 28 U.S.C. § 2254 (d) and (e). Response at 1. Petitioner filed a Reply to the Response (Doc. #12, Reply). Petitioner, in Reply, argues that the trial court erroneously applied Strickland to the facts of his case. Replay at 2. This matter is ripe for review.

## II. Procedural History

Petitioner was convicted after a jury trial of attempted second degree murder of Keith Thornton (the "victim") by shooting the victim with a firearm (Case No. 00-3379CF), and was sentenced to a minimum mandatory prison term of 25 years. After conviction, Lewis pursued a direct appeal raising two grounds of trial court error.

---

[3](...continued)
demonstrates that Petitioner was convicted in the Lee County circuit court.

[4]Unless specified otherwise, all page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

Exh. #1.  The State filed an answer brief.  Exh. #2.  On April 19, 2002, the appellate court *per curiam* affirmed, without written opinion.  Lewis v. State, 818 So. 2d 512 (Fla. 2d DCA 2002); Exh. #3.  Mandate issued on May 15, 2002.  Exh. #4.

In June 2002, Petitioner filed a *pro se* petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. Exh. #7-a.  The petition was denied without elaboration.  Exh. #7-b. Lewis sought review of the silent decision, which was dismissed by the state supreme court for lack of jurisdiction. Exh. #8.

On May 21, 2002, Lewis filed a *pro se* Rule 3.850 motion challenging his sentencing as a adult, and raising three claims of ineffective assistance of counsel, including that trial counsel was ineffective for failing to request a lesser included instruction on attempted manslaughter (claim three of Petitioner's Rule 3.850 motion).  Exh. #9.[5]  The court summarily denied Petitioner's challenge to his sentencing as an adult, but granted Petitioner an evidentiary hearing on Petitioner's three claims of ineffectiveness of trial counsel.  Exh. #10.[6]  An evidentiary hearing was held on

---

[5] In addition to the ineffectiveness ground regarding the failure to give the aggravated manslaughter with a firearm instruction, Petitioner claimed counsel was ineffective for permitting him to appear at trial in prison garb and for failing to advise the court that counsel previously represented the victim's brother.  Exh. #9.

[6] Petitioner withdrew the ground of ineffectiveness concerning counsel's representation of the victim's brother at the evidentiary hearing.  Exh. #12 at 41.

March 3, 2003 at which Petitioner was represented by counsel. On March 12, 2003, the court denied Petitioner's remaining claims of ineffectiveness of trial counsel in a written order. Exh. #11. Petitioner appealed the trial court's ruling and, on November 26, 2003, the appellate court *per curiam* affirmed the trial court's denial of post conviction relief without opinion. Lewis v. State, 864 So. 2d 413 (Fla. 2d DCA 2003); Exh. #15. Mandate issued on December 22, 2003. Exh. #16.

### III.  Applicable § 2254 Law

Lewis filed his timely[7] Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Under AEDPA, the standard of review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007). See also Parker v. Sec'y Dep't of Corr., 331 F.3d 764 (11th Cir. 2003). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to

---

[7]The AEDPA imposes a one-year statute of limitations on § 2254 actions.  28 U.S.C. § 2244(d).  Respondents concede that the Petition in this Court was timely filed. Response at 4 n.2.  The Court agrees.

-4-

ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

**Deference to State Decision**

Where a petitioner's claim was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision. See, e.g., Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002). See also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, ___ , 127 S.

Ct. 649, 653 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). In cases where nothing in the Supreme Court's jurisprudence addresses the issue on point or the precedent is ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or constitutes an unreasonable application of, "clearly established Federal law." Wright v. Van Patten, 128 S. Ct. 743, 747 (2008); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. Brown, 544 U.S. at 141; Mitchell, 540 U.S. at 15-16. Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th

Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18. Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004). Thus, the state court's decision is not subject to federal review *de novo*; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard. Id. at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where the credibility of a witness is at issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question. Rice v. Collins, 546 U.S. 333, 338 (2006). Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-

-7-

El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91. This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001) (citation omitted). An ineffective assistance of counsel claim is a mixed question of law and fact; therefore, the presumption does not apply and such claims are reviewed *de novo*. Rolling v. Crosby, 438 F.3d 1296, 1299 (11th Cir.), cert. denied sub nom. Rolling v. McDonough, 126 S. Ct. 2943 (2006).

Finally, if the state court fails or declines to rule on the merits of a particular claim raised before it, that claim falls outside of the scope of § 2254(d)(1)'s restrictions and the reviewing federal habeas court owes no deference to the state court decision when evaluating that claim. Davis v. Sec'y Dep't of Corr., 341 F.3d 1310, 1313 (11th Cir. 2003).

**Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a

convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688. Petitioner bears a heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006). "Petitioner must show that the course of action taken by counsel would not have been taken by any competent counsel." Blankenship v. Hall, ___ F.3d ___, 2008 WL 4191952 (11th Cir. 2008)(citations omitted). A Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's

conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.  An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client").  "To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

### IV. Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, ___ U.S. ___, 127 S. Ct. 1933, 1939-40 (2007).  Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

Petitioner's sole ground for relief is that his trial counsel was ineffective for failing to seek an instruction on the lesser included offense of attempted manslaughter with a weapon. Petition at 5. Petitioner contends that, unlike attempted second degree murder, the attempted manslaughter offense does not fall within Florida's 10-20-life statute. Id. Petitioner argues that the evidence, which was presented at trial, would have supported a finding of the lesser offense of attempted manslaughter. Id. at 6. Petitioner concludes that "prejudice must be presumed" because had counsel requested the lesser offense jury instruction the judge would have been required to give it, and "the result of the proceeding would have been different." Id. Further, Petitioner argues that the post conviction trial court erred in applying Strickland, because the court considered whether it would have given the instruction if, indeed counsel has requested it. Reply at 4. Petitioner contends it would have been reversible error for the trial court to refuse to give the instruction if requested by counsel. Id. (citing Holmes v. State, 642 So. 2d 1387, 1388 (Fla. 2nd DCA 1994)).

As noted above, the state court rejected Petitioner's claim upon the conclusion of the evidentiary hearing and, in adopting the Strickland analysis, concluded that Petitioner failed to demonstrate any prejudice as a result of counsel's performance. In pertinent part, the court stated:

-11-

> First of all, based on the facts and circumstances of this case and Mr. Potter's testimony, the Court feels that he hasn't -- the Defendant has not reached that point in the Strickland test where it would require me to find that Mr. Potter's advice fell below the standard of care. . .
>
> With regard to the jury instructions, it's easy to go back and look because hindsight is always 20/20. The facts and circumstances of this case were such that even if Mr. Potter was misinformed with regard to whether or not 775 included the manslaughter as a portion of the 10-20-life statute, it wouldn't have made any difference in the outcome of this trial. I'm not so sure I would have given it had it been requested, but, of course, that's hindsight also. The fact that he didn't give it and he didn't advise the Court of it, does not make him fall below the standard of care.
>
> So for all those reasons, the Court feels that Strickland has not been met and this motion is denied.

Exh. #12 at 62-64. The court, in its written order, similarly held:

> Even if counsel misapprehended that the crime of manslaughter was subject to "10, 20, life" sentencing, there is no certainty, had he requested a jury instruction for "attempted manslaughter with a firearm" that it would have been given or made a difference, given the facts elicited at trial.

Exh. #11. The appellate court affirmed the State court's ruling without opinion. Thus, the State court's ruling is entitled to deference unless the ruling is contrary to or an unreasonable application of Strickland.

In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence. The presumption that Mr. Potter's performance was reasonable is even stronger since the record reflects that he is an

experienced criminal defense attorney.[8]  See Exh. 12 at 53-54.  Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose.  United States v. Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (citations omitted).

During the evidentiary hearing, it was established that Mr. Potter could not specifically recall why he did not request an instruction on attempted manslaughter.  Exh. #12 at 42-45.  Counsel agreed that he normally would have sought the lesser offense instruction, but recalled the State had filed a 10-20-life notice. Id. at 44.  In Mr. Potter's opinion, an instruction on attempted manslaughter with a firearm was not appropriate in light of the facts of the case.  Id. at 48.  In particular, Mr. Potter recalled that the evidence demonstrated that Lewis had asked the victim for his gun because he was having a problem with another individual and the victim refused to give Lewis a gun.  Id. at 47.  Lewis returned back to the victim's home a short time later and stood in the driveway yelling.  Id.  A number of people were sitting in the carport area with the victim, when Lewis "fired half a dozen shots"

---

[8] "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger."  Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000) (en banc), cert. denied, 531 U.S. 1204 (2001).  At the March 3, 2003, evidentiary hearing, it was stipulated that Mr. Potter "has lengthy experience dating back to the early 80s and has practiced criminal law for approximately 20 years and about 99 percent of his practice is in that area."  Exh. #12 at 53 line 24 to 54, line 3.

hitting the victim four times.  Id.  Consequently, Mr. Potter opined that the testimony established "an intent there to kill him."  Id. at 48, lines 9-12.  Mr. Potter originally opined that any felony conviction would have resulted in Petitioner receiving a 25 year to life sentence, but then acknowledged that the attempted manslaughter offense did not qualify as an enhancer under the 10-20-life state.  Id.

Here it clear that counsel could not recall the specifics as to why he decided against seeking the lesser offense instruction. Because a petitioner bears the burden of establishing that counsel's performance was deficient, "when the evidence is unclear or counsel cannot recall specifics about his actions due to the passage of time and faded memory, we presume counsel performed reasonably and excercised professional judgment."  Blankenship, 2008 WL 4191952 *18.  Consequently, counsel's inability to recall why he did not seek the alternative lesser included offense instruction, standing alone, does not establish that counsel was deficient.  Especially, as pointed out earlier, when counsel is an experienced criminal attorney.  See Chandler v. United States, 218 F.3d at 1316.

Nonetheless, the Court need not determine that counsel was not deficient because the Court alternatively can dispose of the ground under the prejudice prong of Strickland.  In particular, counsel did request and secure an instruction on the permissive lesser included offense of aggravated battery with a firearm.  § 784.045(1)(a)2, Fla. Stat. (1999).  The jury, however, was instructed on the lesser

included offenses of attempted second degree without a firearm, aggravated battery with a firearm, aggravated battery without a firearm, and simple battery. Exh. #6, Vol. #III at 135. Like attempted manslaughter, aggravated battery is a second degree felony. Id. §§ 782.07(1), 777.04, 775.087(1). The jury, however, refused to exercise it pardon power and find Petitioner guilty of the lesser offense of aggravated battery. Thus, as pointed out by the post conviction trial court, it is objectively reasonably that the outcome of the trial would not have been different if the jury was presented with the option of convicting Petitioner of the lesser offense of attempted manslaughter. See Exh. #12 at 62-64.

The Court finds that Petitioner has not shown that the evidence of record was insufficient to support his attempted second degree conviction. Nor has Petitioner demonstrated "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Instead, Petitioner at most speculates as to what verdict the jury would have rendered if it had been instructed on aggravated battery. Speculation is insufficient to demonstrate prejudice. Harris v. Crosby, 151 Fed. Appx. 736, 738 (11th Cir. 2005). The evidence adduced at trial established that the victim identified Lewis as the person who shot him. The victim was shot between three and four times. The victim would have succumbed to his wounds without immediate medical attention. See generally Exh. #12, Vol. III. The evidence is clearly sufficient to support the jury's verdict of attempted second degree murder with a firearm.

Thus, having thoroughly considered the record, including the trial transcript, and the applicable law, the Court finds that the state court's denial of Petitioner's ineffective assistance of counsel claim is not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Based upon the foregoing, the Court will deny the Petition with prejudice. Any other claims not specifically addressed are found to be without merit.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**.

2. The Clerk of the Court shall enter judgment denying the Petition; terminate any pending motions; and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __29th__ day of September, 2008.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record